**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC LOPEZ, ) | 1:08-cv-1475 OWW SMS |
| ) | |
| Plaintiff, ) | SCHEDULING CONFERENCE ORDER |
| ) | |
| v. ) | Discovery Cut-Off: 12/1/09 |
| ) | |
| COUNTY OF MERCED, and DOES 1 ) | Non-Dispositive Motion |
| through 10, inclusive, ) | Filing Deadline: 12/15/09 |
| ) | |
| Defendants. ) | Dispositive Motion Filing |
| ) | Deadline: 12/30/09 |
| ) | |
| | Settlement Conference Date: 12/9/09 10:00 Ctrm. 7 |
| | |
| | Pre-Trial Conference Date: 3/8/10 11:00 Ctrm. 3 |
| | |
| | Trial Date: 4/20/10 9:00 Ctrm. 3 (JT-5 days) |

**I.   Date of Scheduling Conference.**

   January 15, 2009.

**II.  Appearances Of Counsel.**

   Williamson & Krauss by Todd B. Krauss, Esq., appeared on behalf of Plaintiff.

   County Counsel of Merced by James E. Stone, Esq., appeared on behalf of Defendant.

///

1

III.   Summary of Pleadings.

1.   This case involves the detention of the Plaintiff, Eric Lopez, pursuant to a warrant issued for a person named Eric *Heribeto* Lopez.  Plaintiff was originally booked into the Imperial County Jail until ultimately transferred to Merced County.  Plaintiff was released from Merced County's Jail when it was shown to the court that he looked nothing like the person in the warrant and was in fact not the person Merced County was looking for.

2.   On December 28, 2007, Plaintiff went to Calexico, Mexico with two of his cousins.  Upon re-entering the United States, Plaintiff was stopped and held pursuant to a warrant for the arrest of an *Eric Heribeto Lopez* regarding an assault of a woman in Merced County.  Plaintiff showed his California Driver's License as well as his Social Security Card to prove his identity and the fact that he did not have a middle *initial* and was a different person than the person named in the warrant.

3.   Plaintiff was booked and held in Imperial County Jail for 10 days until he was transferred to the Los Angeles County Jail.  Plaintiff was held for one day until being transferred to Merced County.  Plaintiff was once again booked, all the while professing his innocence and claiming he was the victim of mistaken identity.

4.   Each time Plaintiff was booked, he professed his innocence, informed the jailers he had no middle name and was not the person named in the warrant.  Plaintiff further informed the jailers that he was on probation and under the supervision of Proposition 36 at "The Ark" and to contact "Robert" who would

2

verify his identity.  This was never done.  During his incarceration, Plaintiff was told that his address and fingerprints matched that of the alleged person they were seeking.  This information was completely false.

5.   At no time did Defendant, County, ever fax, e-mail or transmit any information to Imperial or Los Angeles County regarding the alleged suspect.  At all times, Defendant County was in possession of video graphic and photographic evidence depicting the true person that the warrant was issued for.  That evidence clearly showed that the individual being sought looked nothing like the Plaintiff and, therefore, was not the person (Lopez) that was being held in custody pursuant to their warrant.

6.   While Plaintiff was in the custody of the Merced County Jail, on or about January 16, 2008, an investigator from the Public Defender's Office interviewed the Plaintiff.  Plaintiff was told that he was accused of physically assaulting a woman in Merced County as alleged in a Merced County Sheriff's Department Police Report, No. 070041961.  Plaintiff was also told for the first time that Merced County Sheriff's Department investigators had possession of a videotaped interview of the alleged suspect as well as a photograph of him.  Plaintiff was shown a picture of the alleged suspect and the person depicted looked nothing like the Plaintiff.  Plaintiff provided Sheila Cooks' name and telephone number to the investigator and requested that he verify Plaintiff's claim that he could not possibly be the same person as the alleged suspect.

7.   On January 17, 2008, Plaintiff was brought back to court and the court was informed by Plaintiff's public defender

3

that he is not the person depicted in the photograph.  Plaintiff is held one additional day in custody and brought back to court on January 18, 2008, at which time he is told there was a misunderstanding and he was released after spending 21 days in police custody.

   8.   At each jail facility location in Imperial, Los Angeles, and Merced County, Plaintiff was booked and asked questions about the alleged assault.  Each time he told the same story.  At no time during this process did Defendant County or Does 1 through 10 provide any information, which they had in their possession, to the other police agencies to verify the true identity of the alleged suspect or to compare Plaintiff's likeness to that of the alleged suspect.

   9.   Pursuant to the holdings in *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) and *Wilson v. Seiter*, 501 U.S. 294 (1991), Plaintiff must establish Defendants acted recklessly, knowingly, or with unnecessary and wanton behavior.  Defendants maintain that they at all times complied with the applicable standard of care [*Monroe v. Regents of the University of California*, 215 Cal.App.3d 977, 983-84 (1989)].  Defendants maintain that Plaintiff will be unable to establish a mere negligence case against them pursuant to *Flowers v. Torrance Memorial Hospital Medical Center*, 8 Cal.4th 992, 999 (1994), and will be unable to establish *Monell* responsibility as against the County of Merced. *Monell, supra*, 436 U.S. at 694.

   10.  Plaintiff demanded a jury trial in his Complaint dated September 18, 2008, and Defendants demanded a jury trial in their answer dated November 10, 2008.

11.  Defendant asserts the following:

12.  Plaintiff fails to state a claim upon which relief can be granted.

13.  Any and all acts or omissions of this Defendant and its agents and employees, which allegedly caused the injury complained of, was the result of an exercise of the discretion vested in them.

14.  The County of Merced is not liable for any of the acts or omissions complained of in the complaint because the complaint alleges that this Defendant is liable based on the acts or omissions of others.

15.  The County of Merced's officers and employees were at all times duly qualified, appointed, and acting as peace officers of the County of Merced and peace officers of the State of California in accordance with the Constitutions of the State of California and of the United States and the laws of the State of California and United States; and at all times mentioned herein, said officers and employees were engaged in the performance of their regularly assigned duties within the scope of their duties as peace officers.  All acts of said employees were lawful and privileged such that said employees and those employing these defendants are immune from liability.

16.  This answering Defendant acted in good faith and with a reasonable belief that the actions were lawful and further did not directly or indirectly perform any act whatsoever which would constitute a breach of any duty owed to Plaintiff.  The acts of this Defendant were lawful and proper and in all respects reasonable and legal.

5

17.  Plaintiff was subject to restraint as was reasonably necessary for his detention.

18.  The acts of this Defendant, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States or to do any person any other injury.

19.  This Defendant is immune from liability pursuant to the provisions of §§ 815, 815.2, 815.6, 818, 820.2, 820.4, 820.6, 820.9, 821.6, 844.6, and 845.6 of the Government Code, Civil Code § 43.55 and Penal Code § 847.

20.  The facts alleged in Plaintiff's complaint do not involve any custom, practice, procedure or regulation of this Defendant which causes a violation of a constitutional right pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

21.  This defendant acted at all times herein relevant, in good faith, with due care, within the scope of discretion and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest belief that one's actions are in accord with clearly established law.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

22.  Should Plaintiff recover non-economic damages against Defendant, the liability for non-economic damages is limited to the degree of fault and several liability of any said Defendant and a separate several judgment shall be rendered against said

1  Defendant based upon said Defendant's degree of fault and several
2  liability.
3       23.  Plaintiff, by the exercise of reasonable effort and/or
4  care, could have mitigated the damages alleged to have been
5  suffered, but has failed to do so.
6       24.  The complaint is barred, or any claimed recovery should
7  be reduced because of Plaintiff's own negligence and/or fault in
8  connection with the matters alleged.
9       25.  The punitive damages sought by Plaintiff are a
10 violation of the due process and equal protection clause of the
11 United States and California Constitutions.
12      26.  There was a good faith belief in the existence of
13 reasonable and/or probable cause to detain and/or arrest
14 Plaintiff in accordance with the laws of the State of California
15 and is therefore immune for the acts alleged in Plaintiff's
16 complaint.
17 IV.  Orders Re Amendments To Pleadings.
18      1.  Plaintiff will determine after discovery has been
19 conducted whether any individual should be added as a party.  The
20 parties agree that the last date to amend the pleadings or add
21 additional parties will be July 1, 2009.
22 V.  Factual Summary.
23      A.  Admitted Facts Which Are Deemed Proven Without Further
24 Proceedings.
25           1.  Plaintiff, Eric Lopez, was a citizen of the United
26 States and at the time of the alleged events, was a resident of
27 Orange County, City of Downey, State of California.
28           2.  Defendant, County of Merced, is a public entity

7

1  under the laws of the State of California.
2          3.   Plaintiff was detained at the United States-Mexico
3  border pursuant to a warrant for the arrest of Eric *Heribeto*
4  Lopez regarding the assault of a woman issued in Merced,
5  California.
6          4.   Plaintiff was held in detention for approximately
7  11 days, was transferred to Merced County and was booked into the
8  Merced County Jail.
9          5.   Plaintiff was released after approximately 21
10 days, approximately ten of which were spent in Merced County.
11     B.   Contested Facts.
12          1.   All remaining facts are disputed.
13 VI.   Legal Issues.
14     A.   Uncontested.
15          1.   Jurisdiction exists under 28 U.S.C. §§ 1331,
16 1343(c) and 42 U.S.C. § 1983.  Supplemental jurisdiction is also
17 invoked under 28 U.S.C. § 1367.
18          2.   Venue is proper under 28 U.S.C. § 1391(b).
19          3.   The parties agree that the substantive law of the
20 State of California provides the rule of decision for
21 supplemental claims.
22     B.   Contested.
23          1.   The key legal issues involve the following:  (a)
24 whether it was objectively reasonable for the County of Merced
25 not to provide any information about the suspect that a warrant
26 had been issued according to the standards set forth in *Graham*;
27 and (b) whether County is entitled to qualified immunity because
28 it was not clearly established, in a more particularized sense,

8

that their actions at the time of this incident were violative of Plaintiff's constitutional rights.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1.    The parties have made their initial disclosures.

    2.    The parties are ordered to complete all non expert discovery on or before September 1, 2009.

    3.    The parties are directed to disclose all expert witnesses, in writing, on or before October 1, 2009.  Any rebuttal or supplemental expert disclosures will be made on or before October 30, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are

9

not disclosed pursuant to this order.

    4.   The parties are ordered to complete all discovery, including experts, on or before December 1, 2009.

    5.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before December 15, 2009, and heard on January 22, 2010, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than December 30, 2009, and will be heard on February 1, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

    1.   March 8, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.    Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.    April 20, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    3-5 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for December 9, 2009, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the

1  Settlement Conference with the parties and the person or persons
2  having full authority to negotiate and settle the case on any
3  terms at the conference.
4       3.   Permission for a party [not attorney] to attend
5  by telephone may be granted upon request, by letter, with a copy
6  to the other parties, if the party [not attorney] lives and works
7  outside the Eastern District of California, and attendance in
8  person would constitute a hardship.  If telephone attendance is
9  allowed, the party must be immediately available throughout the
10 conference until excused regardless of time zone differences.
11 Any other special arrangements desired in cases where settlement
12 authority rests with a governing body, shall also be proposed in
13 advance by letter copied to all other parties.
14      4.   Confidential Settlement Conference Statement.
15 At least five (5) days prior to the Settlement Conference the
16 parties shall submit, directly to the Magistrate Judge's
17 chambers, a confidential settlement conference statement.  The
18 statement should not be filed with the Clerk of the Court nor
19 served on any other party.  Each statement shall be clearly
20 marked "confidential" with the date and time of the Settlement
21 Conference indicated prominently thereon.  Counsel are urged to
22 request the return of their statements if settlement is not
23 achieved and if such a request is not made the Court will dispose
24 of the statement.
25      5.   The Confidential Settlement Conference
26 Statement shall include the following:
27           a.   A brief statement of the facts of the
28 case.

12

```
            b.   A brief statement of the claims and
defenses, i.e., statutory or other grounds upon which the claims
are founded; a forthright evaluation of the parties' likelihood
of prevailing on the claims and defenses; and a description of
the major issues in dispute.
            c.   A summary of the proceedings to date.
            d.   An estimate of the cost and time to be
expended for further discovery, pre-trial and trial.
            e.   The relief sought.
            f.   The parties' position on settlement,
including present demands and offers and a history of past
settlement discussions, offers and demands.
XV.  Request For Bifurcation, Appointment Of Special Master,
Or Other Techniques To Shorten Trial.
      1.   None.
XVI. Related Matters Pending.
      1.   There are no related matters.
XVII.     Compliance With Federal Procedure.
      1.   The Court requires compliance with the Federal
Rules of Civil Procedure and the Local Rules of Practice for the
Eastern District of California.  To aid the court in the
efficient administration of this case, all counsel are directed
to familiarize themselves with the Federal Rules of Civil
Procedure and the Local Rules of Practice of the Eastern District
of California, and keep abreast of any amendments thereto.
XVIII.    Effect Of This Order.
      1.   The foregoing order represents the best
estimate of the court and counsel as to the agenda most suitable
```

13

to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

   2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

   3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   January 15, 2009            /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE